### In re BAILEY.

(District Court, D. Vermont. October 10, 1901.)

No. 708.

BANKRUPTCY—PREFERENCE—NEW CREDIT.

An insolvent debtor owed an account for goods, to apply on which he gave a check, which was protested, and not paid. He afterwards ordered more goods, and subsequently made a payment on account. *Held*, that such payment could not be applied to the check, so as to make the date of the check the date of the preference, and entitle the creditor to set off the new credit in bankruptcy against such preference.

In Bankruptcy. On review of decision of referee. Submitted on report.

WHEELER, District Judge. The bankrupt appears to have been owing the Burlington Grocery Company $492.20, to have given it a check for $287 and an order for $114.99 more goods, and, the check being protested and unpaid, to have afterwards paid $292.07 on account, leaving $790.28 due at the time of adjudication. This payment of $292.07 appears to be a preference, which must be surren-. dered before proof of the claim; but the act provides that if, after

a preference, the creditor gives further credit for property which becomes a part of the estate, the new credit may be deducted from the preference to be surrendered; and the creditor insists that this new credit of $114.99 should be deducted from the preferences by the payment of the $292.07, and proof allowed on surrender of the balance. This would be right if the check had constituted the preference; but it did not. The $292.07 did not pay the check, but was paid upon account, and the check was never paid. The situation was the same when this payment was made as if the check had never been drawn, for the debt covered the whole amount due, including that for which the check was given. The payment constituted the preference, and there was no new credit given afterwards for property that became a part of the estate. The whole payment must therefore be surrendered before proof can properly be allowed.

Decision of referee affirmed.